661 F.2d 747
 Archie Lee DOUGLAS, Petitioner-Appellant,
v.
Robert E. LONG, Acting Chief Probation Officer, Pima County
Adult Probation Office, Tucson, Arizona, and the
Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 79-2642.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 10, 1980.
Decided Nov. 16, 1981.
 
 Allen G. Minker, Pima County Public Defender, Tucson, Ariz., for petitioner-appellant.
 Bruce M. Ferg, Asst. Atty. Gen., Tucson, Ariz., for respondents-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before BROWNING and KENNEDY, Circuit Judges, and HOFFMAN,* District Judge.
 PER CURIAM:
 
 
 1
 An Arizona grand jury returned an indictment against appellant and another reading as follows:
 
 
 2
 The grand jurors of the county of Pima, in the name of the state of Arizona, and by its authority accuse
 
 
 3
 ARCHIE LEE DOUGLAS,
 
 CAROLYN ANN HUTTON
 
 4
 and charge that in Pima County:
 
 
 5
 COUNT ONE (UNLAWFUL OFFER TO SELL NARCOTIC DRUG)
 
 
 6
 On or about the 8th day of June, 1977, ARCHIE LEE DOUGLAS, and CAROLYN ANN HUTTON, offered to sell a narcotic drug, to wit: heroin, all in violation of A.R.S. §§ 36-1002.02 as amended, and 36-1002.10.
 
 OR IN THE ALTERNATIVE
 COUNT TWO (FRAUDULENT SCHEME OR ARTIFICE)
 
 7
 On or about the 8th day of June, 1977, ARCHIE LEE DOUGLAS, and CAROLYN ANN HUTTON, pursuant to a scheme or artifice to defraud, obtained from OFFICER JOHN PATZE money by false or fraudulent pretenses, representations or promises, all in violation of A.R.S. § 13-320.01.
 
 
 8
 Appellant's motion challenging the alternative form of the indictment was denied.
 
 
 9
 The state offered evidence that: Undercover agents told appellant they wanted to buy heroin. Appellant left and later returned with co-defendant Hutton who delivered three tinfoil packets to the agents in exchange for money. Tests established that the packets did not contain narcotics or dangerous drugs.
 
 
 10
 Both counts of the indictment were submitted to the jury. The jury was instructed if it found appellant guilty of unlawfully offering to sell narcotic drugs as charged in Count One, it should not consider the alternate charge concerning fraudulent scheme or artifice, but if the jury found appellant not guilty of unlawful offer to sell it should then consider the alternate charge in Count Two. The jury returned a verdict of guilty under Count One. The verdict forms as to Count Two were left blank.
 
 
 11
 After exhausting state remedies, appellant filed a petition for habeas corpus in the district court for the State of Arizona. The petition was denied. This appeal followed.
 
 
 12
 Appellant's point is narrow. He concedes the two counts were e properly joined. He also appears to accept the propriety of charging "alternate offenses ... in order to allow for contingencies in proof." Sutton v. United States, 434 F.2d 462, 473 (D.C.Cir.1970). The issue he seeks to raise is reflected in the ground upon which he distinguishes Fuller v. United States, 407 F.2d 1199, 1222 (D.C.Cir.1968) (en banc). Appellant argues that Fuller is distinguishable from the present case because Fuller only "allowed a prosecutor to charge premeditated murder and felony murder in separate counts of an indictment. Fuller did not permit the defendant be charged with having committed one crime or another." As appellant argues, "The State confuses the meaning of charging a person with one thing and another with one thing or another."Appellant would have no objection if the indictment were in the usual form, charging appellant with the two offenses in separate counts, even though appellant could be convicted of only one. The indictment is said to be bad only because it states that the charges in the two counts are mutually exclusive alternatives.
 
 
 13
 The cases cited by appellant involve alternative charges within a single count. United States v. Donovan, 339 F.2d 404, 406-07 (7th Cir. 1964); State v. Fowler, 174 Ohio St. 362, 189 N.E.2d 133 (1963). Inconsistent charges within a count have long been condemned, as the authorities cited by appellant hold. 2 Wharton's Criminal Procedure § 291 at 126-27 (Torcia ed. 1974).
 
 
 14
 If the jury is asked to return a single verdict on a count charging mutually exclusive offenses, there is no way to determine which charge the jury has sustained. Review in such a case would be difficult or impossible. See, e. g., Ex Parte Bell, ... 19 Cal.2d 488, 499-500, 122 P.2d 22, 29 (1942) (Traynor, J.) and cases cited therein; 2 Wharton's Criminal Procedure, supra, § 291 & n.19.
 
 
 15
 This rule does not extend to cases such as this, where the inconsistent charges are made in separate counts. "The same offense may be charged, by several counts, as having been committed in different ways or by different methods, in order to anticipate and accommodate every possible contingency in the evidence." Id. § 296 at 140. That is to say, the grand jury may charge both offenses if the evidence before it would justify either conclusion. The defendant is protected by the rule, which was applied in this case, that he cannot be convicted of both offenses.
 
 
 16
 This case is like the hypothetical put by the Supreme Court in United States v. Gaddis, 424 U.S. 544, 550, 96 S.Ct. 1023, 1027, 47 L.Ed.2d 222 (1976):
 
 
 17
 Situations will no doubt often exist where there is evidence before a grand jury ... that a certain person participated in a bank robbery and also evidence that that person, though not himself the robber, at least knowingly received the proceeds of the robbery. In such a case there can be no impropriety for a grand jury to return an indictment ... containing counts charging (robbery) as well as (receiving). If, upon the trial ... the (trial judge) is satisfied that there is sufficient evidence to go to the jury upon both counts, he must, under Heflin (v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959)) and Milanovich (v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961)), instruct the members of the jury that they may not convict the defendant (on both counts).
 
 
 18
 (Footnotes omitted.)
 
 
 19
 The indictment gave appellant adequate notice of the charges against him. U.S.Const. amend. VI. He was clearly charged with selling a package to the officer after representing that it contained heroin. Whether he was guilty of offering to sell a narcotic drug or obtaining money under false pretenses turned upon whether he believed the bags, procured by his partner, contained heroin.
 
 
 20
 The two charges described the same plain acts, but covered two plausible interpretations of appellant's intent at the time of the transaction. The indictment gave no less notice than one that appends a lesser included offense, where intent is at issue and a conviction may not be had for both crimes. Cf. United States v. Gaddis, supra, 424 U.S. at 547-550, 96 S.Ct. at 1025-1027.
 
 
 21
 Appellant does not explain, and we cannot imagine, how he could have been confused or otherwise prejudiced because the two counts were connected by the word "or." Use of the connective could only have helped to emphasize to the jury that appellant could not be found guilty on both counts.
 
 
 22
 AFFIRMED.
 
 
 23
 WALTER E. HOFFMAN, District Judge, concurring specially.
 
 
 24
 While I concur in the opinion, I do so because this is a matter of state procedure, approved by Arizona state courts, which does not raise a federal constitutional question and, clearly, no prejudice has been exhibited. No due process issue has been shown in charging the appellant with alternative offenses. The role of a federal habeas corpus petition is not to serve as an additional appeal and there has been no impugning on fundamental fairness and no infringing upon specific constitutional protections. Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).
 
 
 25
 This is not to say that alternative counts in an indictment are entitled to the same consideration in a federal criminal action. As the opinion states, "inconsistent charges within a count have long since been condemned." But the charges in this case involve alleged inconsistent or repugnant charges in separate alternative counts, all arising from the same set of facts. As stated in 1 L. B. Orfield, Criminal Procedure under the Federal Rules (1966), p. 697, § 7:118:
 
 
 26
 Repugnancy and inconsistency between counts of an indictment cannot be raised for the first time on appeal. The defendant should move to dismiss or require the government to elect in the trial court.
 
 
 27
 Citing Harris v. United States, 190 F.2d 503, 505 (10th Cir. 1951). In the present case, the issue was raised in the state trial court and the alternative procedure was approved as a proper practice under Arizona law. In the federal system, while alternative relief may be demanded under Rule 8(a), F.R.Civ.P., there is no such corresponding provision in the F.R.Cr.P.
 
 
 28
 Since each count is a distinct substantive charge in the federal system, it has long been recognized that it is proper for a grand jury to charge in the conjunctive. It is true, however, that the federal system by judicial decision has ruled that, in certain instances, the jury must be charged that it cannot convict on two counts and a verdict of not guilty must be returned on one count even though the facts clearly establish guilt. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). Nevertheless, in Milanovich, the Supreme Court did not condemn charging in the conjunctive, nor did it suggest alternative charging.
 
 
 29
 For these reasons, until and unless modified by statute or the F.R.Cr.P., I would not sanction alternative charges in an indictment under the federal system.
 
 
 
 *
 Honorable Walter E. Hoffman, United States District Judge for the Eastern District of Virginia, sitting by designation