57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Moffett KING, Defendant-Appellant.
 No. 94-30064.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1994.
Decided June 13, 1995.
 
 Appeal from the United States District Court for the District of Montana, No. CR-93-29-PGH; Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 REVERSED.
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Robert Moffett King of abusive sexual contact pursuant to 18 U.S.C. Sec. 2244. He appeals, claiming (1) that the district court erred in failing to dismiss his indictment; (2) that the district court failed to make available exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) that the district court should have suppressed his confession as coerced; (4) that his conviction was not supported by sufficient evidence; and (5) that the prosecutor violated Batson v. Kentucky, 476 U.S. 79 (1986), by using a peremptory challenge to strike a potential juror solely on the basis of race.
 
 
 3
 * The indictment charged that King "did knowingly and willfully engage in, or caused sexual contact, with ... [Doe], a person who had not attained the age of 12 years, or attempted to do so." King maintains that the district court should have dismissed his indictment because there is no such crime as attempted abusive sexual contact. We need not address that question because we conclude that the indictment is defective on other grounds.
 
 
 4
 This court has long recognized that a defendant may be charged in a single count with having committed what amounts to the same offense in more than one way (i.e., accusation in the conjunctive). See, e.g., United States v. Outpost Dev. Co., 552 F.2d 868, 869-70 (9th Cir.), cert. denied, 434 U.S. 965 (1977). However, the law is equally clear that a defendant cannot be charged with alternative offenses in the same count (i.e., accusation in the disjunctive). Douglas v. Long, 661 F.2d 747, 749 (9th Cir.1981), cert. denied, 456 U.S. 932 (1982). Here, King was charged in a single count with having committed one offense or, in the alternative, with having attempted to commit that offense. Such an indictment cannot stand.
 
 II
 
 5
 Because we hold King's indictment to be defective, we reverse on that ground and decline to address King's other contentions.
 
 
 6
 REVERSED.