

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-1996

# United States v. Orozco

Precedential or Non-Precedential:

Docket 95-1572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Orozco" (1996). *1996 Decisions*. Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 95-1572
_____

UNITED STATES OF AMERICA

v.

ZULMES OROZCO,

Appellant
_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 1996
_____

Before: GREENBERG, NYGAARD, Circuit Judges
and LAY, Senior Circuit Judge*

(Opinion filed: October 18, 1996)
_____

Wendy A. Kelly
Assistant U.S. Attorney
Office of the United
States Attorney
615 Chestnut Street
Philadelphia, Pa. 19106

Attorney for the Appellee

Mark R. Lippman, Esq.
8070 La Jolla Shores Dr.
Suite 437
La Jolla, Ca.  92037

Attorney for Appellant
_____

*Hon. Donald P. Lay, Senior Circuit Judge of the United States
Court of Appeals for the Eight Circuit sitting my designation.
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge:

Defendant-appellant, Zulmes Orozco challenges the
constitutionality of the Drug-Free School Zones Act, 21 U.S. C. §
845(a).  Orozco was convicted of distributing 1080 grams of

cocaine within one thousand feet of a school. He argues on appeal that Congress exceeded its authority under the Commerce Clause by enacting the Drug-Free School Zones Act.

## I.

Appellant sold approximately 1080 grams of cocaine to a Drug Enforcement informant within seven hundred feet of the James Howell Public Elementary School in Philadelphia. A federal grand jury returned a three count indictment charging appellant with separate violations of 21 U.S.C. §§ 841(a)(1), 845(a) and 843(b). Orozco pleaded guilty to the charge under § 841(a)(1), but disputed the location of the drug sale and the charge under § 845(a). Appellant then requested new counsel. L. Felipe Restrepo, Esq. was appointed to represent the Appellant. Orozco requested a bench trial on Count Two of the indictment.

Both the Government and the defense stipulated to the facts of the underlying distribution charge of Count One, which was also the subject of Count Two. The sole issue before the district court was the location of the drug transactions. The district court found Orozco guilty of selling drugs within one thousand feet of a school and sentenced him to sixty months incarceration and eight years of supervised release. Orozco timely appealed.

Orozco's trial counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1398 (1967). Counsel asserted that there were no non-frivolous issues for appeal and requested leave to withdraw. Appellant, acting pro se, filed a carefully crafted brief in which he questioned whether, in light of the Supreme Court's decision in United States v. Lopez, --- U.S. ---, 115 S. Ct. 1624 (1995), the district court had imposed a legal sentence. We granted trial counsel's request to withdraw from the case. We agreed, however, that Orozco's pro se brief had raised an issue for this appeal and appointed new appellate counsel to examine the implications of the Supreme Court's decision in Lopez.

## II.

Orozco argues that 21 U.S.C. § 860(a) is an unconstitutional exercise of Congress' power under the Commerce Clause. He relies on the Supreme Court's decision in Lopez to support his argument. We are not persuaded.

The Constitution gives Congress power to "regulate Commerce with foreign Nations, and among the several states and with the Indian Tribes." U.S. Const. Art. I, § 8, cl. 3. In Lopez, the Supreme Court examined the constitutionality of the Gun-Free School Zones Act, 18 U.S.C. § 922(q). This Act prohibited possession of a firearm within one-thousand feet of a school. A five-member majority of the Court struck down the statute as an unconstitutional exercise of Congress' commerce power. Lopez, 115 S.Ct. at 1630-34. The Court reviewed the three areas in which Congress could exercise its commerce power and not run afoul of the Constitution. First, Congress "may regulate the use of the channels of interstate commerce." Id. at 1629. Second, Congress may "regulate and protect instrumentalities of interstate commerce or persons or things in interstate commence even though the threat may only come from intrastate activities."

Id.  Third, Congress may "regulate those activities having a substantial relation to interstate commerce."  Id. (citations omitted).  The Court held that Congress could enact the Gun-Free School Zones Act only if the Act regulated an activity which substantially affected interstate commerce.  Lopez, 115 S. Ct. at 1630.  In determining that the Gun-Free School Zones Act was unconstitutional, the Court held that the Act

> [i]s a criminal statute that has nothing to do with "commerce" or any sort of economic enterprise, however broadly one might define those terms.  Section 922(q) is not an essential part of a larger regulatory scheme that could be undercut unless the intrastate activity were regulated.  It cannot, therefore, be sustained under our cases upholding regulation of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce.

Lopez, 115 S. Ct. at 1630-31.  The Court reasoned that "the possession of a gun in a local school zone is in no sense an economic activity that might . . . substantially affect interstate commerce."  Id. at 1634.

We have no difficulty here in finding that the sale of 1080 grams of cocaine within one thousand feed of a school zone is an activity which "substantially affects interstate commerce."  In so holding, we recognize that the Drug-Free School Zones Act directly regulates commerce in illegal drugs.  See, e.g., United States v. Zorilla et al., 93 F.3d 7 (1st Cir. 1996) ("Drug Free School Zones Act" directly regulates interstate commerce.").

A large interstate market exists for illegal drugs. Congress has the power to regulate that market just as it has the power to regulate food and drugs in general.  See, e.g., Minor v. United States, 396 U.S. 87, 98, n.13, 90 S.Ct. 284, 289, n.13 (1969); Reina v. United States 364 U.S. 507, 511, 81 S. Ct. 260, 263, (1960).  Moreover, when Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970 (of which 21 U.S.C. § 860 is a part), Congress expressly found that drug trafficking affected interstate commerce.  See 21 U.S.C. § 801; Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91-513, 1970 U.S.C.C.A.N. (84 Stat.)4566, 4595-96.

We do not find Lopez helpful to appellant.  The Gun-Free School Zones Act and the Drug-Free School Zones Act are distinguishable.  18 U.S.C. § 922(q) punished mere possession of a firearm near a school.  In contrast, 21 U.S.C. § 860 prohibits the sale, distribution and possession with intent to distribute illegal drugs near a school.  Drug trafficking is an inherently commercial activity; the mere possession of a firearm is not. Drug trafficking near a school zone is an economic activity that, through repetition, substantially affects interstate commerce. See United States v. Thortnon, 901 F.2d 738, 741 (9th Cir. 1990); United States v. McDougherty, 920 F.2d 569, 572 (9th Cir. 1991) ("it would be illogical to believe that [drug] trafficking ceases to affect commerce when carried out within 1000 feet of a school").

                    I                    III.

In sum, we find that 21 U.S.C. § 860 is a constitutional exercise of congressional authority under the Commerce Clause. The decision of the district court will be affirmed.