**UNITED STATES of America, Plaintiff,**

v.

**Darlmon T.A. DRAINE, Defendant.**

**No. 97–40056–01–RDR.**

United States District Court,
D. Kansas.

Sept. 25, 1997.

Charles D. Dedmon, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Defendant.

*MEMORANDUM AND ORDER*

ROGERS, District Judge.

On September 19, 1997, the court held a hearing on the pretrial motions in this case. The purpose of this memorandum and order is to memorialize the rulings made by the court during that hearing.

The defendant is charged in a five-count indictment. Two of the counts are charged in the alternative. In Count 1, he is charged with possession of crack cocaine with intent to distribute within 1000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 860. In Count 2, which is charged in the alternative to Count 1, he is charged with possession of crack cocaine after a prior drug conviction in violation of 21 U.S.C. § 844(a). In Count 3, he is charged with carrying a firearm during and in relation to a drug trafficking offense, to wit: possession of crack cocaine with intent to distribute, in violation of 18 U.S.C. § 924(c)(1). In Count 4, which is charged in the alternative to Count 3, he is charged with carrying a firearm during and in relation to a drug trafficking crime, to wit: possession of crack cocaine after a prior drug conviction, in violation of

18 U.S.C. § 924(c)(1). In Count 5, he is charged with possession of a firearm by a convicted felon in violation of 18 *U.S.C.* § 922(g).

The court has had some contact with these charges in the past. The court has previously dismissed two indictments against the defendant containing similar charges without prejudice due to violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq. United States v. Draine*, No. 97–40030–01, 1997 WL 457519 (D.Kan.7/25/97); *United States v. Draine*, No. 96–40042–01, 1997 WL 309131 (D.Kan.5/30/97).

## MOTION TO REITERATE

In this motion, defendant seeks to reiterate and incorporate the motions filed in the prior cases, including his motions to dismiss for Speedy Trial Act violations. He acknowledges that there does not appear to be an independent Speedy Trial Act violation in this case, but he wants to make clear that he is not waiving any prior arguments on this issue. At the hearing, the defendant suggested that his present circumstances might raise a constitutional speedy trial problem. The defendant provided no legal or factual support for this contention, and we find no merit to it. *See United States v. Johnson*, 120 F.3d 1107, 1109–10 (10th Cir.1997).

The defendant also wanted to reiterate his previously filed motion to suppress, motion to transport and motion for discovery. For the reasons previously stated, the court shall deny defendant's motion to suppress and grant his motion to transport. *United States v. Draine*, No. 96–40042–01 (D.Kan.8/6/96).

As to the motion for discovery, the court has not ruled on this motion. In Case No. 97–40042–01, the defendant filed a motion for production and discovery. In that motion, the defendant sought a variety of materials. The government responded to each request by either agreeing to produce the requested materials, by suggesting that the requested materials were already in the hands of the defendant, or by indicating that it had no such material. At the hearing, the defendant acknowledged that nothing additional was needed. With the responses of the parties, the court shall consider the defendant's motion moot.

## MOTION TO DISMISS COUNT ONE DUE TO INSUFFICIENT FEDERAL JURISDICTION

The defendant seeks dismissal of Count 1 because he contends it is unconstitutional. He argues that 21 U.S.C. § 860 exceeds congressional authority under the Commerce Clause because no link exists between narcotics and interstate commerce. He asks the court to extend the Supreme Court's reasoning in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) to this statute.

The defendant's argument has been raised in several other courts and rejected. *United States v. Henson*, 123 F.3d 1226, 1232–1233 (9th Cir.1997); *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir.1997); *United States v. Allen*, 106 F.3d 695, 701 (6th Cir.1997); *United States v. Hawkins*, 104 F.3d 437, 439–40 (D.C.Cir.1997); *United States v. Ekinci*, 101 F.3d 838, 844 (2d Cir.1996); *United States v. McKinney*, 98 F.3d 974, 976–80 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1119, 137 L.Ed.2d 319 (1997); *United States v. Orozco*, 98 F.3d 105, 106–07 (3d Cir.1996); *see also United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir.1995) (*Lopez* does not alter prior conclusion that 21 U.S.C. § 841(a)(1) is constitutional because regulation of illegal drugs implicates interstate commerce). For the reasons stated in *Henson*, we shall also reject the defendant's argument:

In *Lopez* the Court made clear that it was not overruling earlier Commerce Clause precedent. Instead, the Court stated that the Gun–Free School Zones Act "represents a sharp break with the longstanding pattern of federal firearms legislation." *Lopez*, [514 U.S. at 563] 115 S.Ct. at 1632 (quoting *United States v. Lopez*, 2 F.3d 1342, 1366 (5th Cir.1993)). The Court explicitly affirmed the long line of cases allowing the federal regulation of intrastate sales that affect interstate commerce the Commerce Clause. *Id.* [514 U.S. at 551–561, 115 S.Ct.] at 1626–30; *see, e.g., Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 283 [101 S.Ct. 2352, 2363–64, 69 L.Ed.2d 1] (1981) (upholding the regulation of intrastate coal

mining); *Perez* [*v. United States*], 402 U.S. [146] at 156–57 [91 S.Ct. 1357 at 1362–63, 28 L.Ed.2d 686 (1971)] (allowing for the regulation of intrastate loansharking); *Wickard v. Filburn*, 317 U.S. 111, 129, 63 S.Ct. 82, [91] 87 L.Ed. 122 (1942) (allowing Congress to regulate the consumption of home grown wheat).

It has long been recognized that Congress has the power to ban the sales of certain drugs. *See, e.g., Minor v. United States*, 396 U.S. 87, 98 n. 13, 90 S.Ct. 284, [289 n. 13] 24 L.Ed.2d 283 (1969). Congress' power extends to the regulation of intrastate drug sales. *See United States v. Walsh*, 331 U.S. 432, 437–38, 67 S.Ct. 1283, [1285–86] 91 L.Ed. 1585 (1947). This regulation is permissible because Congress has found, and the courts have consistently accepted as rational, that intrastate drug trafficking substantially affects interstate commerce. *E.g.,* 21 U.S.C. § 801(3); *United States v. Montes–Zarate*, 552 F.2d 1330, 1331 (9th Cir.1977), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978). As we have earlier concluded:

> It would be highly illogical to believe that such trafficking somehow ceases to affect commerce when carried out within 1000 feet of a school. There is no legal reason why Congress cannot choose to punish some behavior affecting commerce more harshly than other behavior, based upon its detriment to society.

*McDougherty*, 920 F.2d at 572 (footnote and citation omitted). We hold that *Lopez* does not change this analysis.

123 F.3d at 1232–1233.

## MOTION TO DISMISS COUNTS ONE THROUGH FOUR

The defendant, relying on the Fifth Amendment to the United States Constitution, seeks dismissal of Counts 1 through 4 because the grand jury could not have found probable cause on all four of these counts. The defendant notes that he is charged in Counts 1 and 2 with either possession of cocaine within 1000 feet of a public school or possession of cocaine after a prior conviction, and in Counts 3 and 4 with carrying a firearm in relation to Count 1 or carrying a firearm in relation to Count 2. The defendant suggests that this alternative type of charging indicates that probable cause was not found by the grand jury on each charge.

The government argues that there is no problem with the grand jury charging in the alternative. The government suggests that an indictment is entitled to a presumption of validity.

The court is not persuaded that a constitutional problem is created by charging offenses in the alternative. *See Douglas v. Long*, 661 F.2d 747, 749 (9th Cir.1981), *cert. denied*, 456 U.S. 932, 102 S.Ct. 1984, 72 L.Ed.2d 449 (1982); *Sutton v. United States*, 434 F.2d 462, 473 (D.C.Cir.1970). The defendant's speculation that the grand jury erred in producing the instant indictment is without any basis. Accordingly, this motion shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to reiterate (Doc. # 10) be hereby granted in part and denied in part as set forth in the foregoing memorandum.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Count 1 due to insufficient federal jurisdiction (Doc. # 11) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Counts 1 through 4 (Doc. # 12) be hereby denied.

**IT IS SO ORDERED.**