CLD-254                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2312
_____

IN RE:  MICHAEL RINALDI,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Crim. No. 3:98-cr-00294-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 23, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 11, 2013)
_____

OPINION
_____

PER CURIAM

Michael Rinaldi, a federal inmate proceeding pro se, has filed in this Court a

pleading titled "Writ of Error," which has been docketed as a petition for a writ of

mandamus under 28 U.S.C. § 1651.  In this petition, Rinaldi asks this Court to direct the

District Court to dismiss the indictment against him.

In 1999, Rinaldi was convicted of various drug trafficking and firearms charges

and sentenced to 248 months' incarceration.  We affirmed Rinaldi's judgment on direct

appeal.  See United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000).  Rinaldi then unsuccessfully pursued post-conviction relief pursuant to 28 U.S.C. § 2255.

In June 2012, Rinaldi filed a motion to dismiss the indictment, alleging that the indictment was defective because the Government had failed to allege a nexus to interstate commerce for his drug trafficking offenses.  As relief, he asked the District Court to reverse and vacate his conviction.  The District Court denied his motion, explaining (i) that Rinaldi should be proceeding under 28 U.S.C. § 2255 after obtaining authorization from this Court to file a second or successive § 2255 motion and (ii) that his motion to dismiss was untimely filed.  We declined to issue a certificate of appealability and summarily affirmed the denial of the motion to dismiss.  See United States v. Rinaldi, No. 12-2938 (order entered Dec. 28, 2012).  On May 8, 2013, Rinaldi filed the instant petition for a writ of mandamus, seeking to have this Court direct the District Court to dismiss the indictment in his case because of the Government's failure to allege the interstate commerce nexus.

Mandamus is a drastic remedy that is granted only in extraordinary cases.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

2

Rinaldi has not demonstrated a clear and indisputable right to issuance of the writ, as he is not asking us "to confine the [District Court] to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378 (internal citation and quotation omitted). Here, he is attempting to appeal for a second time the District Court's denial of his motion to dismiss the indictment, which he cannot do through a mandamus petition. See Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004) (mandamus is not a substitute for appeal). Instead, he could have petitioned the United States Supreme Court for a writ of certiorari to review our December 28, 2012 order denying him relief.[1]

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[1] In any event, it is well settled, and Congress has explicitly noted, that drug trafficking activities affect interstate commerce. See 21 U.S.C. § 801(3) ("[i]ncidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect on interstate commerce"). Moreover, federal drug trafficking statutes are valid exercises of Congress' power under the Commerce Clause. See, e.g., United States v. Orozco, 98 F.3d 105, 107 (3d Cir. 1996). Finally, to the extent that Rinaldi asserts that the District Court lacked jurisdiction because of the alleged defects in the indictment, that argument was rejected by the Supreme Court in United States v. Cotton, 535 U.S. 625, 630 (2002).