CLD-331                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2545
_____

MICHAEL RINALDI,
                              Appellant

v.

WARDEN ZICKEFOOSE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-00530)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

       Michael Rinaldi, a federal inmate proceeding pro se, appeals from the District

Court's dismissal of his habeas corpus petition pursuant to 28 U.S.C. § 2241.  Because

this appeal does not present a substantial question, we will summarily affirm the District

Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In 1999, Rinaldi was convicted of various drug trafficking and firearms charges. The District Court sentenced him to a total of 248 months' incarceration. We affirmed. See United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000). In his § 2241 petition, Rinaldi asserted that he is actually innocent because his conduct did not affect interstate commerce and because criminalizing "purely local conduct" exceeds Congress' power under the Tenth Amendment. Rinaldi argued that he could not raise his claim until the Supreme Court's decision in Bond v. United States, 131 S. Ct. 2355, 2366 (2011), which held that a criminal defendant has standing to pursue a Tenth Amendment challenge to the statute under which he was charged as an unjustifiable expansion of federal law enforcement into a state-regulated domain. As relief, Rinaldi asked to have his convictions vacated and to be released from custody. The District Court dismissed Rinaldi's § 2241 petition. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the dismissal of Rinaldi's petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

## III.

Generally, federal prisoners challenge the validity of their convictions or sentences through motions pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333,

---

[1] A certificate of appealability is not required to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

2

343 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A motion under § 2255 is not "inadequate or ineffective" simply because the petitioner cannot meet the gatekeeping requirements of § 2255. However, this Court has held that § 2255 is "inadequate or ineffective" to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 motion.[2] In re Dorsainvil, 119 F.3d at 252. In such a case, a petitioner may seek habeas relief under § 2241. Id.

Here, Rinaldi asserts that under Bond, he can now argue that the statutes under which he was convicted—21 U.S.C. §§ 841 and 846—violate the Tenth Amendment by criminalizing "purely local conduct." However, neither Bond nor another intervening change in the law has rendered the conduct for which Rinaldi was convicted—drug

---

[2] Rinaldi cannot meet the requirements for filing a second or successive § 2255 motion, which requires either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Rinaldi's petition asserts neither.

trafficking and firearms offenses—non-criminal, and so he cannot proceed under § 2241.[3]

Accordingly, the District Court properly dismissed his § 2241 petition.

IV.

For the foregoing reasons, no substantial question is presented and we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); see 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] It is well settled, and Congress has explicitly noted, that drug trafficking activities affect interstate commerce. See 21 U.S.C. § 801(3) ("[i]ncidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce"). The federal drug trafficking statutes are valid exercises of Congress' power under the Commerce Clause. See, e.g., Gonzalez v. Raich, 545 U.S. 1, 22 (2005); United States v. Orozco, 98 F.3d 105, 107 (3d Cir. 1996).