**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ARNOLDO GUTIERREZ-AYALA,

  Defendant - Appellant.

No. 05-1324

(D. Colorado)

(D.C. No. 03-CR-221-WYD)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Arnoldo Gutierrez-Ayala pled guilty to one count of conspiracy to possess with intent to distribute more than fifty grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He was sentenced to 87 months' imprisonment, followed by four years of supervised release. He appeals his sentence, arguing that the district court erred in applying a firearm enhancement pursuant to United States Sentencing Commission, Guidelines Manual ("USSG"), §2D1.1(b)(1) (Nov. 2003). For the reasons set forth below, we affirm.

## BACKGROUND

Between November 2002 and April 2003, an individual working as an informant for the Drug Enforcement Administration ("DEA") made several controlled purchases from Gutierrez-Ayala, involving a total of approximately four pounds of methamphetamine. The first of these transactions took place on November 5 at Gutierrez-Ayala's residence. The informant wore a wire during the transaction and was debriefed afterwards by DEA agents. According to the later testimony of one of these agents, the informant related that the transaction took place in the garage area and that while he and Gutierrez-Ayala were talking, Gutierrez-Ayala "went to a toolbox within the garage and brought to him wrapped in a red towel a [black] .45 caliber handgun" with wood grips. Tr. of Sentencing

-2-

Day 2 at 30, 52, R. Vol. VI. Gutierrez-Ayala "told the [informant] that he had purchased the gun at a local gun show and . . . that he had had other weapons." Id. at 30. According to the agent's testimony, in conjunction with showing the informant the gun, Gutierrez-Ayala also described a difficulty he had had with an associate who had not yet paid for the methamphetamine he had bought, and indicated "that he was going to hurt this associate." Id. at 31.

During the execution of a search warrant in April 2003, approximately fifteen firearms, including a black .45 caliber handgun with wood grips, were seized from a locked gun safe at Gutierrez-Ayala's residence. According to the DEA agent's testimony, the informant identified this .45 handgun as the gun he had been shown in the November 5 transaction. In a superseding indictment, Gutierrez-Ayala was charged with two counts involving methamphetamine distribution. In return for the dismissal of the indictment, he pled guilty to a one-count information, as indicated above.

Following Gutierrez-Ayala's guilty plea, the United States Probation Office prepared a Presentence Report ("PSR"), which calculated a sentencing range according to the Guidelines. The PSR calculated a total offense level of 35, which, together with a criminal history category of I, yielded a sentencing range of 168 to 210 months' imprisonment. The PSR included a two-level enhancement to the offense level pursuant to USSG §2D1.1(b)(1), based on Gutierrez-Ayala's

possession of a firearm during the November 5 transaction with the informant, and a two-level enhancement pursuant to USSG §3B1.1(c), based on Gutierrez-Ayala's role as a leader or organizer in the conspiracy. Gutierrez-Ayala objected to both of these enhancements.

Responding to a motion by Gutierrez-Ayala, the district court deferred sentencing until the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). The court then held a sentencing hearing to consider Gutierrez-Ayala's objection. The DEA agent testified as described above, and further indicated that the informant was not himself facing a criminal charge or under investigation at the time he provided assistance, though he had previously been a target of a DEA investigation. After hearing this testimony and counsels' arguments, the court disallowed the enhancement under §3B1.1(c) but upheld the enhancement under §2D1.1(b)(1). The court "f[ou]nd . . . credible [the DEA agent]'s testimony," and stated that it

> believe[d] that . . . as a part of the [November 5] transaction the [informant] saw a .45 caliber handgun that was displayed by Gutierrez-Ayala, and . . . coupled with the fact that when a search warrant was executed on [Gutierrez-Ayala]'s home, 14 weapons were found, so the Court finds that there's an adequate record to justify the gun enhancement.

Tr. of Sentencing Day 2 at 62, R. Vol. VI. The court also granted the government's motion for a three-level reduction pursuant to USSG §5K1.1 for substantial assistance, and added an additional one-level reduction, leading to a

guideline sentencing range of 87 to 108 months.  Taking into account the factors listed in 18 U.S.C. § 3553(a), the court sentenced Gutierrez-Ayala to the low end of that range.  Gutierrez-Ayala appealed his sentence, challenging only the applicability of the firearm enhancement under USSG §2D1.1(b)(1).

## DISCUSSION

In Booker, "the Supreme Court held that the mandatory application of the Guidelines to judge-found facts (other than a prior conviction) violates the Sixth Amendment" and thus rendered the Guidelines advisory rather than mandatory. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam).  The advisory Guidelines remain "a factor to be considered in imposing a sentence." Id.  Thus, district courts "'must consult those Guidelines and take them into account when sentencing.'"  Id. (quoting Booker, 543 U.S. at 264).

On appeal, while we review a defendant's ultimate sentence for reasonableness, we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error. Id. at 1054.  Where the district court correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence "is entitled to a rebuttable presumption of reasonableness." Id.  However, if the district court errs

in applying the Guidelines, we must remand unless the error is harmless. Id. at 1055.

As indicated, Gutierrez argues on appeal that the district court erred in ruling that the USSG §2D1.1(b)(1) enhancement for possession of a firearm was applicable in this case. The provision directs that a two-level increase be imposed "[i]f a dangerous weapon (including a firearm) was possessed." USSG §2D1.1(b)(1). The commentary to this section indicates that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG §2D1.1, comment. (n.3).

In imposing this enhancement, the government "bears the initial burden of proving possession of the weapon by a preponderance of the evidence." United States v. Williams, 431 F.3d 1234, 1237 (10th Cir. 2005), cert. denied, 74 U.S.L.W. 3586 (U.S. Apr. 17, 2006) (No. 05-9895). This burden may be satisfied by a showing that "'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" Id. (quoting United States v. Pompey, 264 F.3d 1176, 1180 (10th Cir. 2001) (internal quotation omitted)). If the government succeeds in meeting this burden, "'the burden shifts to the defendant to show that it is clearly improbable the weapon was connected with

the offense.'" Id. (quoting Pompey, 264 F.3d at 1181 (internal quotation omitted)).

Gutierrez-Ayala concedes that "if he had displayed a weapon to [the informant] during the [November 5] drug transaction, imposition of the firearm enhancement would be appropriate." Appellant's Reply Br. at 2. However, he argues that there was insufficient proof that he did display the weapon at that time because the government failed to introduce either the informant himself or the wire recording of the November 5 transaction at the sentencing hearing. According to Gutierrez-Ayala, the absence of the informant or the recording is fatal to the validity of the §2D1.1(b)(1) enhancement because the credibility of the informant, who provided the only evidence that a firearm had been present at the November 5 transaction, was "the critical issue." Appellant's Op. Br. at 14. In contrast, Gutierrez-Ayala states, the credibility of the DEA agent who testified is "not particularly relevant." Id. at 13. Gutierrez-Ayala further argues that the court's application of the §2D1.1(b)(1) enhancement was inconsistent with its rejection of the §3B1.1(c) enhancement, as the same DEA agent testified for purposes of both enhancements.

We disagree with Gutierrez-Ayala's assertions regarding the nature of the government's evidence. A sentencing court "may consider hearsay evidence provided that the evidence has sufficient indicia of reliability," and use of such

evidence, by itself, is insufficient to render a sentencing enhancement invalid. United States v. Dazey, 403 F.3d 1147, 1177 n.7 (10th Cir. 2005); see also United States v. Espinoza, 338 F.3d 1140, 1152 (10th Cir. 2003). Thus, the government's failure to introduce the informant or the wire recording is not fatal. The issue is whether the hearsay evidence offered by the DEA agent has sufficient evidence of reliability.

Here, the account of the DEA agent, whom the district court deemed credible, provides details that adequately corroborate the informant's hearsay statements. Most significantly, the informant first told DEA agents that Gutierrez-Ayala displayed a gun when the informant was debriefed, shortly after the November 5 transaction occurred, and described the gun at that time. The timing of this first mention of the gun undermines Gutierrez-Ayala's speculation that the informant "may have seen that gun on a different occasion, and fabricated that he saw the gun during the drug transaction." Appellant's Reply Br. at 3. A gun matching the informant's description was then found at Gutierrez-Ayala's residence, and the informant identified it then as the gun he had previously seen.

We also disagree that there is any inconsistency in the court's rejection of a §3B1.1(c) enhancement while applying a §2D1.1(b)(1) enhancement. In rejecting the former enhancement, the court did not state that it considered the hearsay testimony in regard to that enhancement unreliable. The court merely found that

it "c[ouldn]'t tell from the testimony . . . who the leader or the follower was." Tr. of Sentencing Day 2 at 56, R. Vol. VI.

We agree with the district court that the hearsay evidence offered by the government was sufficiently reliable. The court's consequent finding that Gutierrez-Ayala displayed a weapon during the November 5 methamphetamine transaction is not clearly erroneous. We therefore uphold the court's application of §2D1.1(b)(1). As Gutierrez-Ayala offers no other basis for holding his sentence unreasonable, we affirm his sentence.[1]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]Although Gutierrez-Ayala does not raise the issue, we note that the court's reliance on judge-found facts in applying the §2D1.1(b)(1) enhancement does not violate the Sixth Amendment because the finding "'did not increase [Gutierrez-Ayala's] sentence beyond the maximum authorized by the facts' admitted by him in his plea agreement." Williams, 431 F.3d at 1239-40 (quoting Dazey, 403 F.3d at 1174); cf. United States v. Clark, 415 F.3d 1234, 1239 (10th Cir. 2005); United States v. Johnson, 414 F.3d 1260, 1263 (10th Cir. 2005); United States v. Hauk, 412 F.3d 1179, 1193 (10th Cir. 2005). Gutierrez-Ayala's sentence of 87 months remains within the Guideline sentencing range, for an offense level of 27, of 70 to 87 months that would apply in the absence of the two-level §2D1.1(b)(1) enhancement. See USSG Ch. 5, Pt. A.