**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 12, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TREVOR LAKE,

Defendant-Appellant.

No. 06-8004

District of Wyoming

(D.C. No. 05-CR-170-04-B)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Defendant Trevor Lake plead guilty to one count of conspiracy to possess

with intent to distribute between 500 grams and 1.5 kilograms of

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The

district court imposed the statutory minimum sentence of 120 months, with five

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

years supervised release, and a $350 fine.  Mr. Lake now appeals his sentence.  First, he argues that the sentencing court committed constitutional error under *United States v. Booker*, 543 U.S. 220 (2005), and violated his Sixth Amendment right to confrontation by relying on hearsay statements to add a two-level enhancement for possession of a firearm, *Crawford v. Washington*, 541 U.S. 36 (2004).  Second, Mr. Lake claims the district court erred by counting his prior juvenile record in Wyoming toward the calculation of criminal history points under the Federal Sentencing Guidelines.  We reject these challenges and affirm the district court.

### I. Firearm Enhancement

At the recommendation of the pre-sentence report (PSR), the district court imposed a two-level enhancement under the sentencing guidelines for Mr. Lake's possession of a firearm during the drug conspiracy.  U.S.S.G. § 2D1.1(b) (2004).  We review the district court's legal findings *de novo,* its factual findings for clear error, and its ultimate sentencing decision for "reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006).

Mr. Lake alleges a brace of errors with regard to the district court's firearm enhancement, beginning with its consistency with *Booker*.  The court's enhancement, Mr. Lake claims, was constitutional *Booker* error.  We do not agree.  The district court's finding that Mr. Lake possessed a firearm, coupled with the criminal history designation Mr. Lake also contests, brought Mr. Lake's

sentencing range to 121-151 months. Yet the district court sentenced Mr. Lake to the 120-month statutory minimum, below what it believed to be the correct guideline recommendation. 21 U.S.C. § 841(b)(1)(A). Under *Booker,* considering judge-found facts violates the Sixth Amendment only if they increase the actual sentence, not the advisory sentencing range. *United States v. Yazzie*, 407 F.3d 1139, 1144 (10th Cir. 2005) (en banc). Here, the court's finding that Mr. Lake possessed firearms did not increase his sentence beyond the maximum authorized by his plea. On the contrary, he received the statutorily required minimum sentence. Thus, the district court's finding had no constitutional effect. Sentencing according to the dictates of a statutory mandatory minimum does not constitute *Booker* error. *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005).

Mr. Lake also claims that the court's reliance on testimonial hearsay in determining the appropriate guidelines range violated his confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004). We review this claim *de novo*. *United States v. Montague*, 421 F.3d 1099, 1102 (10th Cir. 2005). The PSR included statements by one Michael Vancamp, alleging that Mr. Lake threatened him with a weapon shortly before Mr. Lake's arrest. Partly on the strength of this hearsay statement, the district court found Mr. Lake possessed a firearm during the drug conspiracy and enhanced his sentence accordingly.

Our cases hold that because the Sixth Amendment's Confrontation Clause does not apply at sentencing, *Crawford* does not apply either. *United States v. Bustamante*, 454 F.3d 1200, 1202-03 (10th Cir. 2006) ("We see nothing in *Crawford* that requires us to depart from our precedent 'that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings.'" (citing *United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992))). Therefore, Mr. Lake's Confrontation Clause rights were not implicated by the court's reliance on Michael Vancamp's statements in the PSR.

Nor was the district court's finding that Mr. Lake possessed a firearm during the drug conspiracy clearly erroneous. Even aside from Mr. Vancamp's hearsay statements, the evidence amply supports that finding. Most significantly, Mr. Lake himself admitted to owning a handgun. R. Vol. 3 at 35-38. While the Government bears the initial burden of proving weapons possession by preponderance of the evidence, once this burden is met, the defendant must show it is clearly improbable the weapon was connected with the offense. *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001). Mr. Lake adduced no evidence at trial or any other point to show that his firearm was unconnected to the instant offense. Accordingly, given his admissions and the supporting statements of Mr. Vancamp and others in the PSR, we conclude the district court's factual finding was not clearly erroneous.

## II. Criminal History

Mr. Lake also challenges the district court's use of his prior juvenile confinement to calculate two criminal history points under U.S.S.G. § 4A1.2(d)(2)(A). This calculation placed him in criminal history category II. Mr. Lake claims juvenile adjudications in Wyoming are "special proceedings" that do not involve any determination of guilt, and as such should not count toward the criminal history determination under the guidelines. Had the court correctly calculated his criminal history, Mr. Lake contends, he might have been eligible for the so-called "safety-valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), a statutory escape hatch which allows a defendant to evade the mandatory minimum sentence for certain offenses if the district court finds the defendant meets five specified criteria. Among those criteria: the defendant must not have more than one criminal history point and must not have possessed a firearm in connection with the offense. 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2(a).

We note at the outset that Mr. Lake would not qualify for the safety-valve provision regardless of the disposition of his criminal history claim, for the obvious reason that he possessed a firearm in connection with the offense. Nevertheless, we proceed to review the factual elements of the district court's calculation of criminal history for clear error and its legal determinations *de novo*. *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005).

The U.S. Sentencing Guidelines provide that for offenses committed by a defendant prior to the age of eighteen, two criminal history points should be added for each "juvenile sentence to confinement of at least sixty days," provided the defendant was released from confinement within five years of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A). Mr. Lake was confined for a total of 148 days, a fact he does not dispute. He claims only that his confinement is not relevant for calculating criminal history because the predicate adjudication involved no determination of guilt.

But the guidelines do not require a determination of guilt. They require prior confinement, and for good reason: states label their juvenile proceedings in different ways. A number of states continue to treat juvenile adjudications as civil matters. Many, like Wyoming, avoid using the terms "guilt" and "innocence." Accordingly, the guidelines focus on conduct rather than terminology. We have held that section 4A1.2(d)(2) "applies to offenses for conduct that is criminalized regardless of one's status, but which the defendant committed prior to age eighteen." *United States v. Miller*, 987 F.3d 1462, 1466 (10th Cir. 1993). That is, if the offense for which the juvenile defendant was confined was not specific to his status as a juvenile, but would have been criminal regardless of his age, that conduct is relevant for calculating criminal history under the guidelines.

Mr. Lake was confined for assault and battery, an offense most assuredly not specific to his status as a juvenile. As we have explained in a different context, Congress did not intend the guidelines to treat juveniles accused of the same crime and with otherwise identical criminal histories differently from each other simply because different states call their juvenile proceedings by different names. *United States v. David A.*, 436 F.3d 1201, 1213 (10th Cir. 2006). Whatever Wyoming labels its juvenile adjudications, the district court appropriately counted Mr. Lake's prior confinement towards his criminal history.

The judgment of the United States District Court for the District of Wyoming is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge