FILED
United States Court of Appeals
Tenth Circuit

July 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELCHOR ARROYOS, a/k/a Melchor
Arroyos-Serna,

    Defendant - Appellant.

No. 14-2144
(D.C. No. 2:12-CR-01167-RB-11)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

    Melchor Arroyos appeals his convictions for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. Arroyos' appellate counsel filed an *Anders* brief and moved to withdraw, asserting the record contained no non-frivolous issues. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating if after a "conscientious examination" of the record, counsel finds an appeal "wholly frivolous," counsel may move to withdraw and contemporaneously file "a brief referring to anything in the record that might arguably support the appeal").

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Arroyos filed no response and the government declined to file a brief. Accordingly, we base our decision on our own review of the record and defense counsel's brief.[1] *See id.* (explaining the court should examine the record to decide whether the case is "wholly frivolous" after counsel files an *Anders* brief).

Counsel's *Anders* brief raises four potential issues: (1) whether the district court, acting sua sponte, should have suppressed evidence found in a traffic stop of Arroyos' vehicle; (2) whether the district court abused its discretion in allowing the government to present expert testimony not timely disclosed to defense; (3) whether Arroyos was competent to stand trial; and (4) whether Arroyos' sentence is lawful.

Initially, defense counsel proffers Arroyos could argue that the search leading to the discovery of methamphetamine in his car was unlawful because the reason for the stop—a traffic violation—had dissipated and the search was not consensual. But Arroyos failed to preserve that argument, and even if he had preserved it, the argument fails on the merits.

Arroyos failed to file a pretrial motion to suppress the evidence. Under Federal Rule of Criminal Procedure 12, failure to raise certain objections prior to trial results in a forfeiture of those issues, absent a showing of good cause. *See* Fed. R. Crim. P. 12(b)(3), (c) (formerly Fed. R. Crim. P. 12(e)); *United States v. Burke*, 633 F.3d 984, 987-88 (10th Cir.

---

[1] *Anders* obligates us to review the record and make an independent determination as to the validity of any potential issues contained within it, an impossible task if the relevant portions of the record are not before us. In this case, appellate counsel failed to include the sentencing transcript, and we found it necessary to sua sponte supplement the appellate record. While not required here, notably this court has warned that defense counsel's failure to ensure the availability of all "possibly relevant transcripts," could result in a denial of the motion to withdraw. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1161 (10th Cir. 2005) (explaining that counsel filing an *Anders* brief "generally should ensure that copies of all possibly relevant transcripts are included in the record on appeal").

2011) (discussing consequences of failure to file timely motion to suppress evidence and narrow good cause exception). Our review of the record reveals no basis for application of the good cause exception. *See Burke*, 633 F.3d. at 988 (citing cases and noting relief under the good cause exception is rare).

Even absent the preservation issue, Arroyos' suppression argument would fail on the merits. While the search was nonconsensual and the officer conducting the stop lacked probable cause to search the car, a DEA agent directed the search. The agent testified he learned through wiretaps that the car driven by Arroyos at the time of the stop would be carrying methamphetamine from El Paso to the Las Cruces area. Under the collective knowledge doctrine, when a law enforcement officer with information giving rise to probable cause directs another officer to conduct a search, suppression is not warranted. *See United States v. Chavez*, 534 F.3d 1338, 1347-48 (10th Cir. 2008). Because the officer conducting the search did so at the direction of a DEA agent who possessed information giving rise to probable cause, any suppression argument made on appeal would lack merit.

Defense counsel also indicates Arroyos could argue the district court erred by allowing a DEA agent's expert testimony because the government failed to timely disclose his testimony. We review the district court's decision to admit testimony not timely disclosed for abuse of discretion and consider the reason for the delay, the prejudice to the opposing party, and the feasibility of curing any prejudice with a continuance. *See United States v. Banks*, 761 F.3d 1163, 1196, 1198-99 (10th Cir. 2014); *see also* Fed. R. Crim. P. 16(a)(1)(G), (d) (outlining government's duty to disclose expert testimony and trial court's responsibility to regulate discovery).

3

Here, the district court determined the government did not delay in bad faith. Further, the district court concluded the delay did not prejudice Arroyos because the agent testified about evidence "commonly utilized by the Government in drug conspiracy cases" and because the government disclosed the testimony in time for Arroyos to prepare cross-examination and obtain a competing expert. Ord. Denying Mot. Lim., Doc. 275 at 3-4. We agree that Arroyos suffered little from the delay and we could not conclude the district court abused its discretion in allowing the agent to testify.

Defense counsel also suggests Arroyos could challenge the district court's determination of his competency to stand trial. We review such a determination for clear error. *See United States v. Pompey*, 264 F.3d 1176, 1178 (10th Cir. 2001); *see also United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997) (noting a defendant is competent when he can assist in his own defense and understand the nature of the proceedings). Here, the district court granted Arroyos' trial counsel's request for a competency evaluation; an evaluator found Arroyos competent, and the district agreed after reviewing the evaluator's report. Additionally, after Arroyos' trial counsel raised concerns that his client had not been forthright about his mental health and suffered from an undisclosed defect, the district court agreed to submit specific questions to the evaluator. The evaluator again met with Arroyos, focusing on the concerns raised by trial counsel, and again found Arroyos competent. No party raised any further competency concerns during trial and the record reveals no behavior on Arroyos' part that would call into question his competence. *See Williams*, 113 F.3d at 1160 (discussing trial court's continuing obligation to "be alert" throughout the proceedings for signs of incompetence); *see also United States v. Cornejo-Sandoval*, 564

4

F.3d 1225, 1235 (10th Cir. 2009) (noting that outbursts and irrational behavior during trial may give rise to competency concerns).

Finally, defense counsel advises that Arroyos might argue his sentence was unlawful. Because the jury convicted Arroyos of possession with intent to distribute more than 50 grams of methamphetamine, the district court sentenced Arroyos to 10 years in prison, the statutory minimum proscribed by 21 U.S.C. § 841(b)(1)(A). We have reviewed the sentencing hearing transcript, Presentence Investigation Report, and the sentencing agreement filed by the parties, and we find no evidence the district court erred in imposing Arroyos' sentence. *See United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993) (noting district court can depart from statutory minimum in § 841(b)(1)(A) only when defendant provides substantial assistance to the government).

Having determined Arroyos' appeal presents only issues lacking a basis in fact or law, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court,


Nancy L. Moritz
Circuit Judge