**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE,[*]

Defendant - Appellant.

No. 06-6236

(W.D. Oklahoma)

(D.C. No. CR-05-113-1-C)

**ORDER AND JUDGMENT**[**]

Before **TACHA,** Chief Circuit Judge, **PORFILIO** and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]We grant appellant's unopposed motion to conceal his true identity throughout this order and judgment, and we make permanent the provisional seal placed on this entire matter on December 5, 2006.

[**]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant pled guilty to two counts of possession with intent to distribute methamphetamine. He was sentenced to 235 months' imprisonment followed by five years of supervised release. He appeals his sentence, which we affirm.

## BACKGROUND

On May 19, 2005, United States Postal Inspection Service ("USPIS") authorities intercepted a suspicious package mailed from Long Beach, California to an individual named "Chris Hall" in Norman, Oklahoma. On May 20, the authorities intercepted another suspicious package also mailed from Long Beach and addressed to the same "Chris Hall" but in Ponca City, Oklahoma. When a drug-sniffing dog alerted to both packages, search warrants were obtained and a search of the two packages revealed they contained methamphetamine.[1] Controlled deliveries of the packages were made, following which appellant was arrested in Norman, Oklahoma, and two other individuals, Alfred Lee Moore, Jr. and Buck Allen Jones, were arrested in Ponca City.

Appellant apparently began cooperating with law authorities after his arrest. He offered information about the crimes with which he was charged, and also offered to help authorities identify his California source. Although appellant identified his California source, apparently no federal investigation and

[1]One package also contained a substance which field tested positive for cocaine.

-2-

prosecution were successfully initiated. Instead, the California source was arrested by local law enforcement authorities in California. Appellant also offered to provide information about another individual being prosecuted on unrelated charges in Oklahoma, but authorities ultimately concluded appellant was not reliable and he was never called as a witness to testify at that individual's trial. Appellant testified at his sentencing hearing that he believed that his cooperation induced Moore to cooperate.

Ultimately, a four-count superceding indictment charged appellant with two counts: one for possession with intent to distribute methamphetamine and one for possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). The indictment charged Moore and Jones with possession of methamphetamine and of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Jones pled guilty pursuant to a plea agreement, and appellant and Moore proceeded to trial.

During the trial, appellant, without a plea bargain, pled guilty to the two counts against him. In exchange for his guilty plea, the government agreed to strike its Notice of Prior Convictions which it had filed pursuant to 21 U.S.C. § 851. After Moore's trial ended in a hung jury, he pled guilty to two counts of

using a cellular telephone to facilitate possession of methamphetamine with intent to distribute.

Jones was the first one sentenced. The government filed a motion for downward departure based on his provision of substantial assistance, including testifying at the trial of Moore and appellant. The district court granted the motion, and Jones was sentenced to forty months' imprisonment, followed by five years of supervised release. Moore was then sentenced to two forty-eight month sentences, to run consecutively, followed by one year of supervised release.

Finally, appellant was sentenced to two concurrent 235-month sentences, followed by five years of supervised release. Prior to his sentencing hearing, appellant filed a sentencing memorandum asking the court for a downward departure or deviation from the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"). Also prior to the sentencing hearing, the government filed a motion for an acceptance of responsibility downward adjustment to reduce his total offense level by one point if the court awarded a two-point reduction for acceptance of responsibility. Furthermore, in anticipation of his sentencing hearing, the United States Probation Department prepared a presentence report ("PSR"), which assessed appellant a total adjusted offense level of thirty-seven and a criminal history category of VI. That yielded an advisory Guideline range of 360 months to life. Appellant raised a number of objections, which the district court addressed at

appellant's sentencing hearing.  After upholding two of his objections, the court

determined that appellant's total adjusted offense level was thirty-three, which,

with a criminal history category of VI, yielded a Guideline range of 235 to 293

months.

During the sentencing hearing, appellant again sought a downward

departure or a variance from the advisory guideline range on the basis of his

cooperation.[2]  The district court found "there are no circumstances warranting a

departure from the guidelines in this case."  Tr. of Sentencing Hr'g at 39, R. Vol.

3.  The court recognized, however, that "[t]hat does not resolve the question . . .

whether the guidelines sentence is an appropriate sentence."  Id.  The court went

on to note that "[t]he most compelling reasons that I see for a sentence outside the

guidelines in this case is that I believe that [appellant] should have been

considered for a downward departure."  Id. at 40.  After acknowledging that the

court could not "force the government to move for a departure for substantial

assistance and I can't depart absent that motion," id., the court proceeded to

_____

[2]We have recently clarified the difference between a departure and a
variance with respect to an advisory Guidelines range:
> [W]hen a court reaches a sentence above or below the recommended
> Guidelines range through application of Chapter Four or Five of the
> Sentencing Guidelines, the resulting increase or decrease is referred
> to as a "departure."  When a court enhances or detracts from the
> recommended range through application of § 3553(a) factors,
> however, the increase or decrease is called a "variance."

United States v. Atencio, No. 05-2279, 2007 WL 102977, at *5 n.1 (10th Cir.
Jan. 17, 2007).

-5-

inquire whether a variance from the guideline range was appropriate in light of appellant's assistance to the government.  At this point, a cell phone began ringing, and the district court directed the person with the phone to leave the hearing.  The court then pronounced sentence as follows:

> I believe that a substantial and lengthy sentence is necessary to protect the public.  I believe a substantial and lengthy sentence is necessary to serve as an example to others, even your own children, as to what happens when lives are lived without regard for the law.
>
> I believe that a substantial sentence is necessary in order to provide any kind of drug rehabilitation and treatment for you so that you can return eventually to society drug-free.
>
> Considering all of the goals of sentencing, I think that the guideline range is appropriate in this case based primarily on your substantial criminal history.  It is therefore my judgment that you be imprisoned for a term of 235 months on all counts, to be served concurrently.

Id. at 41.

Appellant appeals, arguing "the district court erred as a matter of law because it did not take the defendant's cooperation with the government into account and determined it was compelled to impose a sentence within the range of imprisonment established by the United States Sentencing Guidelines." Appellant's Br. at 2.  We disagree.

## DISCUSSION

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the formerly mandatory federal sentencing Guidelines are now advisory. "Post-Booker, we review sentencing decisions for reasonableness, which has both procedural and substantive components." Atencio, 2007 WL 102977, at *6. "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." Id. "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." Id.

Because district courts continue to calculate a Guidelines sentence as part of their determination of a reasonable sentence, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." United States v. Townley, 472 F.3d 1267, 1275-76 (10th Cir. 2007). Where a district court "correctly applies the Guidelines and imposes a sentence within the applicable Guideline range, that sentence 'is entitled to a rebuttable presumption of reasonableness.'" Id. at 1276 (quoting United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam)).

USSG §5K1.1 provides that:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

-7-

Prior to Booker, we held that "a district court's authority to consider a defendant's substantial assistance claim at sentencing is conditioned upon a prior motion of the government." United States v. Duncan, 242 F.2d 940, 944 (10th Cir. 2001). While we have declined to address "the continued vitality of this rule in the aftermath of . . . Booker," United States v. Doe, 398 F.3d 1254, 1259 n.7 (10th Cir. 2005), we need not determine that issue in this case. The district court in this case clearly recognized that, despite the absence of a motion to depart downward, it had the authority to vary from the advisory Guideline range if the sentencing factors in 18 U.S.C. § 3553(a) so counseled. Id. at 1260-61. The district court specifically considered whether appellant's cooperation with and assistance to the government supported a variance. Ultimately, the court concluded that the sentencing factors in § 3553(a), particularly the appellant's criminal history and the need to protect the public from further crimes, did not support a variance. It accordingly sentenced appellant in accordance with the low end of the advisory Guideline range. We conclude that the sentence imposed was both reasoned and reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge