FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARKBAR COCKRELL,

    Defendant - Appellant.

No. 08-6258
(D.C. Nos. 08-CV-00969-C and
5:05-CR-00113-C-1)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

Defendant-Appellant Arkbar Cockrell seeks to appeal from the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Cockrell claims ineffective assistance of counsel based upon his counsel failing to challenge a two-level firearm enhancement on appeal. Aplt. Br. 10-12. The district court disagreed, holding that Mr. Cockrell's counsel was not objectively unreasonable in failing to raise the enhancement issue and because Mr. Cockrell would not have prevailed if the issue had been raised. Aplt. App. 60. Because Mr. Cockrell has failed to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," we deny a certificate of appealability ("COA"), 28 U.S.C. § 2253(c), and

dismiss the appeal.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After the denial of his motion to suppress, Mr. Cockrell proceeded to trial, and then pled guilty to two counts of possession with intent to distribute methamphetamine.  Aplt. App. 64.  The Presentence Investigation Report (PSR) identified a total offense level of 37, including a two-level firearm enhancement.  Aplt. App. 70-71.  After entertaining objections to the PSR, the district court determined that the total offense level was 33, and a criminal history category of VI, and sentenced Mr. Cockrell to 235 months' imprisonment followed by five years of supervised release.  Aplt. App. 79, 130-31 (Sent'g Tr.); United States v. Cockrell, No. 05-cr-0113-C-1, Doc. 115 at 2-3 (W. D. Okla. July 12, 2006).  On direct appeal, this court affirmed the sentence, rejecting the contention that the district court failed to consider his cooperation with the government.  United States v. Doe, 218 Fed. App'x. 801, 805 (10th Cir. 2007) (unpublished), cert denied, 128 S. Ct. 127 (2007).

In order to succeed on an ineffective assistance of appellate counsel claim, Mr. Cockrell must demonstrate deficient performance by his counsel and resulting prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see Smith v. Robbins, 528 U.S. 259, 285 (2000).  Although a claim of ineffectiveness can be based upon failure to raise an issue on appeal, "it is difficult to show deficient performance under those circumstances because counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in

order to maximize the likelihood of success on appeal.'" Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (quoting Smith, 528 U.S. at 288).

Mr. Cockrell argues there was insufficient evidence linking the firearm to the crime or to Mr. Cockrell, and therefore counsel should have appealed this issue. Aplt. Br. 12-22. At the sentencing hearing, counsel objected to the two-level enhancement. Aplt. App. 100, 127-28 (Sent'g. Tr.). The district court overruled the objection, concluding that Mr. Cockrell had possession of the gun prior to the relevant drug transaction, items found near the gun linked it to Mr. Cockrell, and that it was not "clearly improbable" that the gun was connected to the offense. Aplt. App. 127-28 (Sent'g. Tr.).

Under U.S.S.G. § 2D1.1(b)(1), a two level enhancement is imposed when "a dangerous weapon (including a firearm) was possessed" in connection with a drug offense. "The government bears the burden of proving possession by a preponderance of the evidence." United States v. Roberts, 980 F.2d 645, 647 (10th Cir. 1992). All that is required is "mere proximity to the offense," by a temporal and spatial relationship between the weapon, the drug trafficking, and the defendant. United States v. Pompey, 264 F.3d 1176, 1180-81 (10th Cir. 2001). Thereafter, the burden then shifts to the defendant to prove that "it is clearly improbable that the weapon was connected to the offense." United States v. Heckard, 238 F.3d 1222, 1233 (10th Cir. 2001) (internal quotation marks omitted); see also U.S.S.G. § 2D1.1 cmt. n.3.

Given this standard, counsel did not render deficient performance by not raising this issue on appeal. Though differing interpretations are possible, the district court's finding of a nexus between the contraband and the firearm (even though in a locked bedroom in the apartment of another) is not clearly erroneous. The district court could reasonably find that Mr. Cockrell possessed the weapon given a suit bag atop the weapon which contained a prescription bottle with his name on it. Aplt. App. 101-02, 108. When the controlled delivery of the drugs was made to the apartment complex, the district court also could reasonably find that Mr. Cockrell directed the drugs to be brought to the apartment he was in. Aplt. App. 59. The district court also could conclude that Mr. Cockrell did not carry his burden that it was "clearly improbable" that the gun was connected to the drug trafficking offense. Given the unlikelihood of overturning the district court's factual findings given the applicable standard of review, it was not unreasonable for Mr. Cockrell's counsel to omit this issue on appeal. Moreover, given the lack of merit, Mr. Cockrell cannot prove prejudice. Therefore, the district court's resolution is not reasonably debatable.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -