FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MIGUEL CASTRO-PEREZ,

      Defendant - Appellant.

No. 13-8069

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 1:10-CR-00326-ABJ-1)**

Deborah Roden of Woodhouse, Roden, Nethercott, L.L.C., Cheyenne, Wyoming, for Defendant - Appellant.

L. Robert Murray, Assistant United States Attorney, (and Christopher A. Crofts, United States Attorney, on the brief), Cheyenne, Wyoming, for Plaintiff - Appellee.

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendant-Appellant Miguel Castro-Perez appeals from a judgment of the district court sentencing him to sixty-three months' imprisonment and three years' supervised release, arguing the court improperly applied a two-level sentencing

enhancement for possession of a firearm in connection with a drug trafficking offense. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we remand for resentencing.

Background

The facts relevant to this appeal are not disputed. Mr. Castro-Perez was part of a cocaine trafficking operation in Jackson, Wyoming that was under investigation by state and federal law enforcement beginning in March 2009. 2 R. 23. On March 31, 2010, Mr. Castro-Perez sold two ounces of cocaine to an undercover agent. 2 R. 28; 3 R. 28-29. During the sale, the agent asked if Mr. Castro-Perez could sell him a gun. 2 R. 28; 3 R. 67. Later that day, after the drug transaction was completed, Mr. Castro-Perez obtained and sold a pistol to the agent. 2 R. 28; 3 R. 67.

Mr. Castro-Perez later pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). 2 R. 9. In the presentence report, the probation office recommended a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) because Mr. Castro-Perez sold a gun to the undercover agent on the same day he sold cocaine to the agent. 2 R. 31. Mr. Castro-Perez objected, asserting that the agent initiated the gun sale and that it and the drug sale were separate and

distinct.  <u>Id.</u> at 37.

At sentencing, Mr. Castro-Perez again objected to the firearm enhancement, arguing that there was no evidence he possessed the gun in relation to the drug conspiracy.  3 R. 56-57.  The government responded that the sale of the firearm was negotiated during the drug transaction, and that the gun was sold during the course of an ongoing drug conspiracy.  3 R. 60.

The district court ultimately found the firearm enhancement appropriate.  3 R. 69.  The court noted that while there was no evidence the weapon was carried during the drug transaction, the sale of the gun was temporally close to the drug transaction, the gun was sold to a known drug user, and the gun was of a type more likely to be used for personal protection than for hunting.  3 R. 68-69.  "Reading the rule broadly," the court applied the enhancement.  3 R. 69.  The court ultimately sentenced Mr. Castro-Perez to sixty-three months' imprisonment and three years' supervised release.  3 R. 84.  He timely appealed.  1 R. 103.

<u>Discussion</u>

There is only one issue before us: whether the undisputed facts of this case warrant a sentencing enhancement under § 2D1.1(b)(1).  We review that issue de novo.  <u>United States v. Alexander</u>, 292 F.3d 1226, 1229 (10th Cir. 2002).

The Guidelines call for a two-level sentencing enhancement for drug crimes "[i]f a dangerous weapon (including a firearm) was possessed."  U.S.S.G. §

2D1.1(b)(1). The application note to § 2D1.1(b)(1) states that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. app. n.11(A). The government bears the initial burden of proving the enhancement appropriate by a preponderance of the evidence, and can meet that burden by showing "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1185 (10th Cir. 2004) (quoting United States v. Pompey, 264 F.3d 1176, 1180 (10th Cir. 2001)). This nexus "may be established by showing that the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred." Alexander, 292 F.3d at 1231 (internal quotation marks omitted).

In this case, there was no physical relation between the weapon and the drug trafficking activity. The government acknowledged at sentencing that the gun was delivered "after the actual controlled purchase [was] completed," 3 R. 60, and the court found that there was no evidence the gun was carried during the drug transaction, 3 R. 68-69. Yet it appears from the sentencing transcript that the district court believed the gun was "present" for purposes of the enhancement. 3 R. 67. That conclusion might have been based on the court's finding that the gun purchase was discussed during the drug transaction, 3 R. 68, or that the gun

was delivered to someone Mr. Castro-Perez knew to be a "drug customer," 3 R. 69. But neither fact establishes that the gun was physically located near drugs or a drug transaction. See Alexander, 292 F.3d at 1231.

The government points out that relevant conduct other than that of the charged offense may be considered in applying sentencing enhancements. Aplee. Br. 12 (citing, e.g., United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993)). It posits that since Mr. Castro-Perez delivered the gun during an ongoing drug trafficking conspiracy the enhancement is appropriate. Id. at 13, 15. Even assuming the government's premise, its conclusion does not follow. There is still no evidence of a spatial connection between the gun and drug trafficking activity. The record does not support an inference that because Mr. Castro-Perez sold drugs before and after the gun sale, there must have been drugs present during it. As much as the government would like to avoid it, physical proximity is a touchstone of the § 2D1.1(b)(1) firearm enhancement, even if established through relevant conduct or that of a coconspirator. See, e.g., United States v. Foy, 641 F.3d 455, 470 (10th Cir. 2011) (firearm found in coconspirator's vehicle when coconspirator attempted to purchase cocaine); United States v. Roederer, 11 F.3d 973, 982-83 (10th Cir. 1993) (dismissed counts and testimony reflected defendant dealt drugs from his apartment where he kept a firearm, though the charged offense did not occur in the apartment). When a firearm is not physically near drugs or trafficking activities, the "increased danger" of mixing drugs and guns

- 5 -

contemplated by the Guidelines is not present.  See U.S.S.G. § 2D1.1 app. cmt. n.11(A); United States v. Flores, 149 F.3d 1272, 1280 (10th Cir. 1998).  Because the government failed to establish that Mr. Castro-Perez possessed a firearm in the vicinity of drug trafficking activity, the two-level enhancement under § 2D1.1(b)(1) was inappropriate.

The government asserts that even if the enhancement was improperly applied, the error was harmless.  Aplee. Br. 16.  It contends that because the district court granted a two-level downward variance, the enhancement had no effect on the sentence.  Id.  The record does not "clearly indicate[] the district court would have imposed the same sentence had it not relied on the procedural miscue(s)."  United States v. Kieffer, 681 F.3d 1143, 1165 (10th Cir. 2012).  There is no indication that the variance was related to the firearm enhancement; instead, the record suggests the district court would have granted the variance even had the enhancement not applied. 3 R. 82-84.

For these reasons, we REMAND for the district court to vacate the sentence and resentence consistent with this opinion.