**UNITED STATES COURT OF APPEALS**

**May 27, 2014**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ILDEFONSO PAZ-CASTILLO,

     Defendant-Appellant.

No. 14-1036
(D.C. No. 1:13-CR-00064-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Ildefonso Paz-Castillo pleaded guilty to conspiracy to possess with intent to

distribute more than 100 grams of a mixture and substance containing a detectable

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(i). After applying the "dangerous weapon" enhancement under U.S.S.G. § 2D1.1(b)(1), the district court determined that the applicable Guidelines range was 70-87 months' imprisonment, and sentenced Paz-Castillo to 70 months in prison. Paz-Castillo appeals the court's application of the "dangerous weapon" enhancement, as well as the substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

**I**

On January 31, 2013, Paz-Castillo was arrested for driving when his license was revoked. Prior to impounding, an inventory search of the vehicle revealed more than a kilogram of heroin—roughly $100,000 worth. Paz-Castillo denied ownership of the heroin, explaining that it belonged to his former roommate, Arturo. Arturo had given the heroin to Paz-Castillo over a year earlier for safe-keeping, and Paz-Castillo had buried it near his family's trailer. After Arturo announced his intention to collect the heroin, Paz-Castillo decided to move it to a different location. It was during this move that Paz-Castillo was arrested and the heroin was seized. During the inventory search of the vehicle, the police also discovered a realistic-looking BB gun, the butt of which was sticking out of the pocket on the back side of the front passenger seat. The BB gun's location made it accessible to Paz-Castillo while he was driving.

Paz-Castillo pleaded guilty to conspiracy to possess with intent to distribute

more than 100 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(i). Before sentencing, Paz-Castillo objected to the Presentence Investigation Report's recommendation that the court apply the "dangerous weapon" enhancement under U.S.S.G. § 2D1.1(b)(1). Paz-Castillo argued that it is "clearly improbable that the weapon was connected with the offense," as evidenced by the officers' apparent indifference to the BB gun. See U.S.S.G. § 2D1.1 cmt. n.11(A); United States v. Pompey, 264 F.3d 1176, 1180-81 (10th Cir. 2001). In a separate motion, Paz-Castillo asked for a downward variance. Relevant here, his motion asked the district court to consider public statements by United States Attorney General Eric Holder urging shorter nonviolent drug sentences, and to consider prospectively complying with the pending Smarter Sentencing Act of 2014, which, if it became law, would reduce Paz-Castillo's mandatory minimum sentence.

At the sentencing hearing, the district court rejected Paz-Castillo's objection to the "dangerous weapon" enhancement. The district court reasoned that the proximity of the BB gun to the drugs and the accessibility of the BB gun to Paz-Castillo indicated that it is not "clearly improbable" that the BB gun was connected with the drugs. As a result, the district court found that the "dangerous weapon" enhancement should apply, and determined that the applicable Guidelines range was 70-87 months' imprisonment.

3

Next, the district court rejected Paz-Castillo's motion for a downward variance. The district court was unpersuaded by Paz-Castillo's argument concerning the Attorney General's statements, because, notwithstanding those statements, the Department of Justice did not support Paz-Castillo's motion for a downward variance. The district court was unmoved also by Paz-Castillo's citation to the pending Smarter Sentencing Act of 2014, explaining that reliance on pending legislation is "just too speculative." R. Vol. 3 at 82.

Then the district court weighed a variety of considerations, including the 18 U.S.C. § 3553(a) factors. On the one hand, Paz-Castillo had only one criminal history point, and the district court thought that Paz-Castillo was unlikely to recidivate. On the other hand, Paz-Castillo was arrested while in possession of a *very* large quantity of heroin, and he was transporting the heroin while carrying what appeared to be a dangerous weapon. Having weighed all the circumstances, the district court imposed a bottom-of-the-Guidelines sentence of 70-months' imprisonment, to be followed by four years of supervised release.

## II

Paz-Castillo raises two issues on appeal. First, he contends that the district court erred in applying the "dangerous weapon" enhancement under U.S.S.G. § 2D1.1(b)(1). Second, he challenges the substantive reasonableness of his sentence.

4

## A

We review *de novo* "whether the undisputed facts of this case warrant a sentencing enhancement under § 2D1.1(b)(1)." United States v. Castro-Perez, --- F.3d ----, 2014 WL 1646944, at *1 (10th Cir. Apr. 25, 2014) (citing United States v. Alexander, 292 F.3d 1226, 1229 (10th Cir. 2002)).

"The Guidelines call for a two-level sentencing enhancement for drug crimes '[i]f a dangerous weapon (including a firearm) was possessed.'" Id. (quoting U.S.S.G. § 2D1.1(b)(1)). "The application note to § 2D1.1(b)(1) states that the enhancement 'reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" Id. (quoting U.S.S.G. § 2D1.1 cmt. n.11(A)). "The government bears the initial burden of proving the enhancement appropriate by a preponderance of the evidence, and can meet that burden by showing 'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" Id. (quoting United States v. Zavalza–Rodriguez, 379 F.3d 1182, 1185 (10th Cir. 2004)).

Here, Paz-Castillo acknowledges that the government met its initial burden. Paz-Castillo's objection is to "the district court's conclusion that [he] failed to show a clear improbability that [the BB gun] was connected to the offense." Aplt. Br. at 14 (internal quotation marks omitted). According to Paz-Castillo, "[i]n the

5

eyes of the police, the BB gun was simply not relevant to Paz-Castillo's offense," because they neglected to photograph it, fingerprint it, ask him about it, or take the time to determine whether it was capable of firing a shot. Aplt. Br. at 15-16. In short, if the police were uninterested in the BB gun, then it is clearly improbable that the BB gun was connected with the offense.

We conclude that Paz-Castillo has failed to show that it is clearly improbable that his possession of the BB gun was connected with his possession of the heroin. "In the context of drug-trafficking crimes, firearms are frequently 'tools of the trade,'" United States v. King, 632 F.3d 646, 655 (10th Cir. 2011) (quoting United States v. Hall, 473 F.3d 1295, 1304 (10th Cir. 2007)), and "we have recognized that 'it is highly unlikely the presence of [a firearm] in a car containing a large amount of [narcotics] [is] merely coincidental,'" id. (alterations in original) (quoting United States v. McKissick, 204 F.3d 1282, 1293 (10th Cir. 2000)). See United States v. Hishaw, 235 F.3d 565, 573 (10th Cir. 2000) ("[D]rugs and guns often go together." (internal quotation marks omitted)). This firearm was exposed and within arm's reach of a driver transporting ~$100,000 worth of drugs. If anything, the connection between the firearm and the drugs is closer to clearly *probable* than clearly *improbable*. And the fact that the police were more interested in the kilogram of heroin than in the BB gun does not persuade us otherwise.

**B**

We review for abuse of discretion the substantive reasonableness of Paz-Castillo's 70-month, bottom-of-the-Guidelines sentence.  See United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013) ("[S]entences are reviewed under an abuse of discretion standard for . . . substantive reasonableness." (alteration in original) (internal quotation marks omitted)).  "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).

"When crafting a sentence, the district court must be guided by the 'parsimony principle'—that the sentence be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment, as expressed in § 3553(a)(2)."  United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008) (internal quotation marks omitted).  That said, "to win a substantive reasonableness appeal is no easy thing."  United States v. Fraser, 647 F.3d 1242, 1247 (10th Cir. 2011) (internal quotation marks omitted).  "In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range."  Martinez-Barragan, 545 F.3d at 904 (alteration omitted) (internal quotation marks omitted).  Furthermore, "we presume a sentence within the correctly-calculated Guidelines range is reasonable."  Id. at 905.  Paz-Castillo "can rebut the presumptive reasonableness

7

of his sentence by demonstrating its unreasonableness in light of the § 3553(a) factors." Id.

According to Paz-Castillo, the district court "denied [his] motion for a sentence below the guideline range[] based solely on one factor: drug quantity." Aplt. Br. at 16. We disagree. As the record demonstrates, the district court weighed a variety of considerations, including the 18 U.S.C. § 3553(a) factors. The district court gave Paz-Castillo individualized consideration, and even listed points that counted in Paz-Castillo's favor. No fair reading of the record supports the conclusion that the district court concerned itself only with drug quantity.

Nor are we persuaded by Paz-Castillo's citation to evidence of an evolving view of sentencing within the Department of Justice. The Department of Justice is Paz-Castillo's adversary in this very appeal. More to the point, even the considered view of the United States Attorney General would be quite unlikely to overcome the presumption of reasonableness buttressing a bottom-of-the-Guidelines sentence founded upon the 18 U.S.C. § 3553(a) factors.

In sum, we discern no abuse of discretion.

### III

Paz-Castillo has neither shown that it is clearly improbable that his possession of the BB gun was connected with his possession of the heroin, nor

overcome the presumption that his bottom-of-the-Guidelines sentence is substantively reasonable.  Therefore, we AFFIRM the sentence imposed by the district court.

Entered for the Court


Mary Beck Briscoe
Chief Judge